# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## October 20, 1916.

## THE PEOPLE v. ABRAHAM GOLDSTEIN.

(175 App. Div. 503.)

FALSE REPRESENTATION AS TO MERCHANDISE EXPOSED FOR SALE—PENAL LAW, SECTION 2345—PROOF NOT JUSTIFYING CONVICTION.

A salesman in a haberdashery store cannot be convicted of a misdemeanor for knowingly exposing for sale articles of merchandise which he is alleged falsely to have represented to be "Manhattan" shirts, contrary to subdivision 8 of section 2345 of the Penal Law, merely upon proof that there was displayed in the show window a card bearing the word "Manhattan" placed against shirts exposed for sale, where the proof shows that when questioned by a customer he stated that they had no "Manhattan" shirts, and he had no part in dressing the window or placing the sign, and the proprietor of the store testifies that at the time he actually had "Manhattan" shirts in his store for sale.

APPEAL by the defendant, Abraham Goldstein, from a judgment of conviction by the Court of Special Sessions of the City of New York, rendered December 17, 1915, upon a charge of misdemeanor for unlawfully and knowingly exposing for sale an article of merchandise which he falsely represented to be shirts made by an association called the Manhattan Shirt Company, in violation of the Penal Law, section 2354, subdivision 8, added by Laws of 1914, chapter 332.

The defendant was a salesman in haberdashery store. On September 28, 1915, a number of shirts were stacked up in the store window. Leaning against the shirts was a large sign, a conspicuous feature of which was the word "Manhattan" in

script.   This word was practically a *facsimile* of the trade
mark of the Manhattan Shirt Company.   This sign had been
in the window for several days.   The defendant was not the
proprietor of the store, but there was evidence to the effect
that he was in temporary charge of the store on the occasion
in question.   That, however, was disputed.   A salesman em-
ployed by the Manhattan Shirt Company saw the display in
the window and went in and asked to see some Manhattan
shirts.   He was told by the defendant that they had no Man-
hattan shirts.   The defendant did not sell any shirt as a Man-
hattan shirt.   It was admitted by the proprietor of the store
that the sign was intended to convey the impression that Man-
hattan shirts were for sale there.   He claimed that they had
Manhattan shirts in the store at the time.   The defendant had
nothing to do with the dressing of the window or the placing
of the sign in it.

*Abraham M. Grill,* for the appellant.

*Robert S. Johnstone,* for the respondent.

PER CURIAM:

We are of opinion that the defendant committed no act in
violation of section 2354, subdivision 8, of the Penal Law,
under which he was convicted.   The judgment is, therefore,
reversed and the prisoner discharged from custody.

Present — CLARKE, P. J., McLAUGHLIN, SCOTT, DOWLING
and SMITH, JJ.

Judgment reversed and prisoned discharged.   Order to be
settled on notice.